UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ORLEANS INTERNATIONAL, INC.,

    Plaintiff,

v.

ALTERNA CAPITAL SOLUTIONS,
et al.,

    Defendants.
_____/

Case No. 2:21-cv-11335

HONORABLE STEPHEN J. MURPHY, III

ORLEANS INTERNATIONAL, INC.,

    Plaintiff,

v.

UNITED NATURAL FOODS, INC.,

    Defendant.
_____/

Case No. 2:23-cv-12310

HONORABLE STEPHEN J. MURPHY, III

## ORDER OF CONSOLIDATION

Before the Court are two actions involving the same plaintiff and two of the same defendants, centered around the same business transaction. *Compare Orleans Int'l, Inc. v. Alterna Cap. Sols.*, 2:21-cv-11335, ECF 29, *with Orleans Int'l, Inc. v. United Natural Foods, Inc.*, 2:23-cv-12310, ECF 1. The latter case was recently reassigned to the Court as a companion matter. Under Federal Rule of Civil Procedure 42(a), the Court may consolidate actions if they "involve a common question of law or fact." "Whether cases involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial

court, and the court's decision is reviewed for abuse of discretion." *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) (citation omitted). "A court may issue an order of consolidation on its own motion, and despite the protestations of the parties." *Id.* (citation omitted). When deciding whether to consolidate, the Court "must consider" several factors:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* (collecting cases).

The two cases listed in the caption satisfy the criteria for consolidation. They center on the same transaction or occurrence and involve common questions of law and fact. *Compare Orleans Int'l, Inc.*, 2:21-cv-11335, ECF 29, PgID 890–92 (competing invoices sent to US Foods for beef products in March 2021), *with Orleans Int'l, Inc. v. United Natural Foods, Inc.*, 2:23-cv-12310, ECF 1 (United Natural Foods accepting beef products in March 2021 but refusing to pay Plaintiff's invoice). Indeed, the resolution of one action will impact—and may be dispositive of—the outcome of the other. What is more, while the older case is set to conclude discovery on September 29, 2023, ECF 49, the newer case has not even begun discovery. So even if a discovery extension is ultimately required, consolidation can only increase the speedy and efficacious administration of justice in the two cases because the discovery information and evidence already taken in the first case will likely overlap with the information and evidence that will be relevant for discovery purposes in the second

case. Consolidation is therefore appropriate. Accordingly, the Court will order the Clerk of the Court to consolidate *Orleans Int'l, Inc. v. Alterna Cap. Sols.*, 2:21-cv-11335 *with Orleans Int'l, Inc. v. United Natural Foods, Inc.*, 2:23-cv-12310. The Clerk of the Court must also close *Orleans Int'l, Inc.*, 2:23-cv-12310.

**WHEREFORE**, it is hereby **ORDERED** that the Clerk of the Court must **CONSOLIDATE** *Orleans Int'l, Inc. v. Alterna Cap. Sols.*, 2:21-cv-11335 *with Orleans Int'l, Inc. v. United Natural Foods, Inc.*, 2:23-cv-12310.

**IT IS FURTHER ORDERED** that the Clerk of the Court must **CLOSE** *Orleans Int'l, Inc. v. United Natural Foods, Inc.*, 2:23-cv-12310.

SO ORDERED.

                                                       s/ Stephen J. Murphy, III
                                                       STEPHEN J. MURPHY, III
                                                       United States District Judge

Dated: September 18, 2023